BLD-148                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1097
_____

IN RE: JOSEPH AULISIO,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. 4-14-cv-00196)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 2, 2017

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: May 18, 2017)
_____

OPINION*
_____

PER CURIAM

        Pro se petitioner Joseph Aulisio seeks a writ of mandamus compelling District

Judge Matthew W. Brann to recuse himself from presiding over Aulisio's civil rights

action.  For the reasons set forth below, we will deny Aulisio's mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Aulisio is a state prisoner who is serving a sentence at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania ("SCI-Retreat"). In February 2014, Aulisio brought suit against several SCI-Retreat personnel under 42 U.S.C. § 1983 for alleged violations of his civil rights. The defendants filed a motion to dismiss for failure to state a claim, which the District Court granted in part and denied in part, allowing only a portion of Aulisio's action to proceed. In May 2015, Aulisio filed a motion for the recusal of Judge Brann. In December 2015, the District Court denied the motion on the ground that it merely reflected disagreement with the court's ruling on the motion to dismiss. Aulisio appealed several matters to this Court (including the recusal issue), and we dismissed the appeal for lack of appellate jurisdiction. See C.A. No. 15-4004. We noted specifically that "[t]o the extent that Appellant claims that the District Court misread his complaint and committed legal error in dismissing several of his claims, he has not shown that mandamus relief is warranted; he may raise his arguments in an appeal taken at the appropriate time." Id.

In October 2016, Aulisio filed a second motion for recusal. The gravamen of this motion was that Aulisio had uncovered evidence in discovery that suggested that the ruling on the motion to dismiss was incorrect. While that motion was pending, Aulisio filed the instant petition for a writ of mandamus, alleging that Judge Brann is "corrupt" and "has an agenda" because of his ruling on the motion to dismiss. Aulisio further alleges that, in ruling on the motion to dismiss, Judge Brann "fabricated claims" to "stack the deck" against him, "lied," acted in collusion with the defense attorney according to

2

the "Good Ol' Boy System," and "judicially rape[d]" him.[1]

We have the power to issue writs of mandamus under the All Writs Act, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (quoting 28 U.S.C. § 1651(a)). Mandamus, however, is a drastic remedy that is available only in extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citations and internal quotations omitted). A petitioner seeking the issuance of a writ of mandamus must have no other adequate means to obtain the desired relief, and must show that the right to issuance of the writ is clear and indisputable. Id. at 378-79.

A mandamus petition is a proper means of challenging a district judge's refusal to recuse pursuant to 28 U.S.C. § 455. In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004). Under 28 U.S.C. § 455(a), recusal is required when a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." Kensington, 368 F.3d at 301 (citation and quotations omitted). Nonetheless, "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v.

---

[1] On February 1, 2017, the District Court denied the second motion for recusal on the same basis as it had denied the first motion. The defendants' motion for summary judgment is pending in the District Court.

Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (citations omitted). Moreover, recusal is not required on the grounds of "highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981).

Aulisio falls well short of the high bar for obtaining a writ of mandamus. Aulisio's petition is rich in accusations, but it is grounded in mere dissatisfaction with the District Court's ruling on the motion to dismiss. The "evidence" cited by Aulisio may or may not be relevant to the ruling on the motion to dismiss or the pending summary judgment motion, but it does not shine a light upon any alleged judicial bias or corruption. In short, Aulisio has not shown a clear and indisputable right to issuance of the writ. He may file a proper appeal of Judge Brann's legal rulings in due course. Accordingly, we will deny Aulisio's petition for a writ of mandamus.

4